

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

Attorneys for the Government of Guam



# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| ZURICH INSURANCE (GUAM), INC., | ) | CIVIL CASE NO. CIV 03-00033 |
| Plaintiff, | ) | |
| vs. | ) | |
| GOVERNMENT OF GUAM, | ) | ANSWER |
| Defendant. | ) | |

Defendant, by and through the Office of the Attorney General, answers the complaint filed in the above-captioned case as follows:

1. Defendant admits the allegations in paragraphs 2, 4, 5, 6, 8 and 10.

2. Defendant denies the allegations in paragraph 14, 16 and 18.

3. Defendant is without information sufficient to form a belief as to the allegations in paragraphs 3 and 13, and therefore denies them.

4. Regarding paragraph 1, defendant admits the allegations in the first sentence. Defendant admits that in general, this Court has exclusive jurisdiction over the subject of income tax rebates. Defendant denies all other allegations in paragraph 1.

4. Regarding paragraph 7, defendant admits that 12 G.C.A. § 58128.4 provides that a rebate of 100% of all income tax paid to the government of Guam by a beneficiary on all income received from underwriting either inside or outside of Guam, including all income derived from investing funds derived from operating an insurance underwriting business on Guam, may be issued. Defendant also admits that plaintiff's qualifying certificate purportedly entitles plaintiff to such a rebate pursuant to that statute. Defendant denies all other allegations in paragraph 7.

5. Regarding paragraph 9, defendant admits that Edward Untalan issued a certificate of compliance certifying that Zurich was in compliance with the terms and conditions of its qualifying certificate for tax year 1999. Defendant is without information sufficient to form a belief as to whether the certificate was issued on October 10, 2000, and therefore denies that allegation.

6. Regarding paragraph 11, defendant admits that Zurich's 1999 tax return, Form 1120, disclosed an entitlement to a rebate under Zurich's qualifying certificate in the amount of $732,031.00. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 11, and therefore denies them.

7. Defendants admit the allegations in paragraph 12. However, defendant asserts that any obligation defendant may have had to pay the tax rebate for tax year 1999 no longer exists because plaintiff was allowed a credit in full of the amount of the rebate against its estimated taxes for tax year 2000.

8. Defendant readmits and redenies the allegations of paragraphs 1 through 14 as admitted and denied above, to the extent they are realleged and incorporated in paragraph 15.

9. Regarding paragraph 17, defendant admits that on June 4, 2001, Joseph T. Duenas, Director and Tax Commissioner for the Department of Revenue and Taxation, government of Guam, certified that Zurich is entitled to an income tax rebate of $732,031.00, for the tax year ending December 31, 1999. Defendant denies all other allegations in paragraph 17.

10. Regarding paragraph 19, defendant admits that prior to the commencement of this action, defendant stated in writing that plaintiff was entitled to an income tax rebate of $732,031.00 for the

tax year ending December 31, 1999. Defendant is without information sufficient to form a belief as to the remaining allegations in paragraph 19, and therefore denies them.

11. Regarding paragraph 20, defendant is without information sufficient to form a belief as to whether Zurich has demanded payment, and therefore denies this allegation. Defendant admits that the $732,031.00 has not been paid, although defendant asserts that any obligation defendant may have had to pay the tax rebate for tax year 1999 no longer exists because plaintiff was allowed a credit in full of the amount of the rebate against its estimated taxes for tax year 2000. Defendant denies all other allegations in paragraph 20.

12. Defendant denies all allegations in the complaint that have not been specifically admitted.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted against the government of Guam.

2. The complaint is barred because plaintiff failed to comply with the procedural provisions in the Internal Revenue Code.

3. This Court lacks subject matter jurisdiction because plaintiff failed to comply with the procedural provisions in the Internal Revenue Code.

4. The complaint is barred by the statute of limitations.

5. This Court lacks subject matter jurisdiction because of the statute of limitations.

6. Defendant is immune from this action.

7. Defendant does not owe the amount alleged by plaintiff because the 1999 tax rebate amount was credited against plaintiff's 2000 estimated taxes.

**WHEREFORE,** defendant prays for the following relief:

1. For an order and judgment denying all relief plaintiff requests in its complaint;

2. For an order and judgment dismissing the complaint;

3. For defendant's costs incurred herein; and

1     4. For such other relief as the Court deems just and equitable.

2     **Dated September 15, 2003.**

**OFFICE OF THE ATTORNEY GENERAL**
DOUGLAS B. MOYLAN, Attorney General of Guam

By: _[signature]_

**ERIC A. HEISEL**
Assistant Attorney General, Solicitors Division
Attorney for Defendant Government of Guam